In re WARD'S ESTATE.

(Surrogate's Court, New York County. January 7, 1908.)

TRUSTS (§ 319*)—TRUSTEES—COMPENSATION—"RECEIVED."

Under Code Civ. Proc. §§ 2730, 2802, 3320. prescribing the compensation of trustees, a trustee, succeeding a deceased trustee, is not entitled to commissions on the funds "received" from the representative of the deceased trustee.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 462; Dec. Dig. § 319.*]

In the matter of the estate of Montagnie Ward. On accounting by trustee. Decree ordered.

McDonald & Bostwick, for Beverly Ward.
L. S. Phillips, for Beatrice W. Thompson.
Edward R. Finch and Leo C. Stern, special guardians.

THOMAS, S. The successor trustee is not entitled to commissions for receiving so much of the estate for which he is accounting as consists of funds which came into his possession from the representative of the deceased trustee, as their reception by him is not to be regarded as a receiving of such funds, within the meaning of sections 2802, 2730 and 3320 of the Code of Civil Procedure, which prescribe the compensation to be awarded to trustees for their services. Attorney General v. Continental Life Ins. Co., 32 Hun, 223, affirmed 99 N. Y. 674; Estate of John B. Haskin (N. Y. Law Journal, December 2, 1898) Surr. Decs. 1898, p. 582.